IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANE S. FIELD, Bankruptcy Trustee of the Mortgage Store, Inc., | CIVIL NO. 12-510 SOM/BMK |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE |
| vs. | |
| WELLS FARGO BANK, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW REFERENCE**

**I.      BACKGROUND.**

This is a fraudulent transfer action case initiated by Plaintiff Dane S. Field, Trustee of the estate of The Mortgage Store, Inc. ("The Mortgage Store"), against Defendant Wells Fargo pursuant to 11 U.S.C. § 544(b) and Haw. Rev. Stat. §§ 651C-4(a) and 651C-5(a).

The Trustee alleges that The Mortgage Store's private borrowing program operated as a Ponzi scheme.  Compl. ¶¶ 9-10. In 2007, when George Lindell was the president and sole shareholder of The Mortgage Store, The Mortgage Store made two transfers of nearly $200,000 each to Wells Fargo Bank (the "2007 transfers") to pay down the balance on Lindell's personal home equity line of credit.  Id. ¶¶ 12-13.  In 2010, The Mortgage Store filed a Chapter 7 bankruptcy petition, saying that it owed approximately 113 private lenders over ten million dollars.  Id. ¶ 14.

The Trustee for The Mortgage Store alleges that the 2007 transfers were "made in the furtherance of a fraud by Lindell, and without any benefit accruing to The Mortgage Store." Opp'n at 3.  The Trustee therefore contends that "he is entitled to avoid both transfers to Wells Fargo Bank, in the principal amounts of $197,555.92 and $195, 931.34, together with interest on these amounts, pursuant to 11 U.S.C. § 544(b) and Haw. Rev. Stat. §§ 651C-4(a) and 651C-5(a)."  Id.

Before the court is Wells Fargo's motion to withdraw this court's reference to the Bankruptcy Court so that the case may be heard by a district judge.  Motion, ECF No. 1.  The court denies the motion.

**II.     STANDARD OF REVIEW.**

Federal district courts have jurisdiction over all bankruptcy cases under title 11.  28 U.S.C. § 1334.  Local Bankruptcy Rule 1070-1(a) provides that, pursuant to 28 U.S.C. § 157(a), all civil proceedings arising in or related to a case under title 11 are referred to the bankruptcy judges of this district.  A party who believes that a proceeding pending in the Bankruptcy Court should instead be litigated before the district court may move for mandatory or permissive withdrawal of that reference pursuant to 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

> The district court <u>shall</u>, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of <u>both</u> title 11 <u>and</u> other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). Motions to withdraw a reference are heard by the district court. Fed. R. Bankr. 5011(a). "The party moving for withdrawal of the reference has the burden of persuasion." <u>Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.</u>, 355 B.R. 214, 218 (D. Haw. 2006).

**II.     ANALYSIS.**

    **A.     Withdrawal of the Reference is Not Mandatory.**

Wells Fargo first argues that withdrawal of the reference is mandatory. Wells Fargo repeatedly argues that withdrawal of the reference is mandatory in this case. <u>See</u> Motion at 3-5. The Bankruptcy Code requires a district court to withdraw the reference only when "resolution of the proceeding requires consideration of <u>both</u> title 11 <u>and</u> other laws of the United States." 28 U.S.C. 157(d) (emphasis added). This is not such a case. The only non-title 11 laws at issue in this case are state laws. <u>See</u> Motion at 4 (explaining that the other claims involve Haw. Rev. Stat. §§ 651C-4(a) and 651C-5(a)). Because the only claims at issue that do not fall under title 11 are state-law claims rather than federal-law claims, 28 U.S.C. 157(d) does not require withdrawal of the reference.

Additionally, Wells Fargo's reliance on Picard v. HSBC Bank PLC, 450 B.R. 406 (S.D.N.Y. 2011), is unavailing.  Wells Fargo cites Picard in support of its assertion that "[w]ithdrawal is mandatory in cases where substantial and material consideration of non-bankruptcy statutes is necessary for the resolution of the proceeding."  Motion at 3.  In fact, Picard provides that "a litigant can *mandate* withdrawal of the bankruptcy reference where the movant shows that, absent the withdrawal, the bankruptcy judge would be obliged 'to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'"  Picard, 450 B.R. at 409 (citing City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991)).  Federal laws other than the bankruptcy statutes are not at issue in this case.  Moreover, Wells Fargo has not demonstrated that the bankruptcy judge would be required to engage in "significant interpretation" of any laws, state or federal.

As part of its argument that withdrawal of the reference is mandatory, Wells Fargo also argues that the Bankruptcy Court does not have jurisdiction to hear this case because "the Trustee's claims are non-core and the parties have not unanimously consented to a final adjudication of the non-core claims by the Bankruptcy Court."  Motion at 5.  Wells Fargo adds that "the Bankruptcy Court does not have jurisdiction to preside

over a jury trial on non-core issues" such as "state law claims under Haw. Rev. Stat. § 651-C-4(a) and Haw. Rev. Stat. § 651C-5(a)."  Motion at 3-4.

The Bankruptcy Court has jurisdiction over all matters related to a case arising under title 11.  See 28 U.S.C. § 1334, 28 U.S.C. §§ 157(a)-(b)(1), Local Rule 1070.1(a).  The Bankruptcy Court starts with determining whether a matter is core or noncore.  28 U.S.C. § 157(b)(3).  The Bankruptcy Court may hear both core and noncore matters, but may not enter a final judgment in a noncore proceeding.  28 U.S.C. § 157(c)(1).  Rather, in noncore proceedings, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge."  Id.

Wells Fargo does not challenge the applicability of any of the statutes giving rise to the Bankruptcy Court's jurisdiction over this case.  See 28 U.S.C. § 1334, 28 U.S.C. §§ 157(a)-(b)(1).  Wells Fargo is correct that withdrawal of the reference may eventually be appropriate if this case proceeds to a jury trial of noncore matters.  See Taxel v. Electronic Sports Research, 916 F.2d 1444, 1451 (9th Cir. 1990) (concluding that "bankruptcy courts cannot conduct jury trials on noncore matters, where the parties have not consented").  However, this case is in its infancy, and it may never be submitted to a jury.  This court

5

notes, moreover, that both of The Mortgage Store's claims falling outside of title 11 are state-law claims that relate to fraudulent transfers, which are widely deemed to involve core bankruptcy matters.  See 28 U.S.C. § 157(b)(2)(H) (classifying "proceedings to determine, avoid, or recover fraudulent conveyances" as core); In re Bellingham Ins. Agency, Inc., 2012 WL 6013836 (9th Cir. Dec. 4, 2012) (explaining that "Congress has designated fraudulent conveyance actions core proceedings . . . which non-Article III judges could decide"); Field v. Levin, 2011 WL 3477101, at *2-3 (D. Haw. Aug. 8, 2011) (stating that fraudulent transfer claims are core bankruptcy matters).  In any case, a determination as to whether this case involves core or noncore matters is ordinarily a matter for the Bankruptcy Court to decide.  28 U.S.C. § 157(b)(3) (providing that a bankruptcy judge shall determine whether a proceeding is a core proceeding).

Even if the Bankruptcy Court concluded that the fraudulent transfer claims in this case were noncore matters, that conclusion would not affect the Bankruptcy Court's jurisdiction over at least preliminary, nonjury, and nondispositive proceedings.  See  28 U.S.C. § 157(c)(1) (explaining that bankruptcy judges may hear noncore proceedings otherwise related to a case brought under title 11).

Because Wells Fargo does not establish that withdrawal

6

of the reference is mandatory, this court denies the first portion of Wells Fargo's motion.

### B. The Court Declines to Exercise Permissive Jurisdiction Over Pretrial Matters.

Wells Fargo argues that, even if withdrawal of the reference is not mandatory, this court should exercise its discretion to withdraw the reference.  Motion at 5.  Wells Fargo complains that, because any final judgment must be entered by an Article III judge, "at best, the Bankruptcy Court would only be able to submit this matter to the District Court on *proposed* findings of fact and conclusions of law, which the District Court would then have to review on a *de novo* basis."  Id. at 6.  Wells Fargo concludes: "This duplication of effort would result in a waste of time and resources and would significantly prejudice the parties to the Adversary Proceeding.  Accordingly, Wells Fargo submits that there is just cause for granting permissive withdrawal of the reference in this case."  Id.

Permissive withdrawal is a discretionary action that requires a showing of cause.  See 28 U.S.C. § 157(d) (stating that the district court "may" withdraw a proceeding "for cause shown").  In the Ninth Circuit, permissive withdrawal is only allowed "in a limited number of circumstances" and for "good cause shown."  Hawaiian Airlines, 355 B.R. at 223.

A defendant's right to a jury trial need not lead to the immediate withdrawal of the reference at the start of a case.

7

The case may remain with the Bankruptcy Court for pretrial matters.  In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007) (finding that, even when a defendant does not consent to a jury trial before a Bankruptcy Court pursuant to 28 U.S.C. § 157(e), a "valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court").

The Ninth Circuit's recent decision, In re Bellingham Ins. Agency, Inc., 2012 WL 6013836 at *10, analyzes approvingly the procedure under which a Bankruptcy Court issues proposed findings of fact and conclusions of law on matters, even if final judgment may be entered only by Article III judges:

> In sum, § 157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to "hear and determine" them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law. Only the power to enter final judgment is abrogated.

Because the Bankruptcy Court clearly retains the power to hear this case, and at least issue proposed findings and conclusions and/or a recommendation as to dispositive matters, this court sees no reason to withdraw the reference at this point in the proceedings.

Wells Fargo contends that its early request for withdrawal of the reference avoids the need to have both the Bankruptcy Court and the district court spend time becoming familiar with the issues in the case, which might be the case with a later withdrawal request or with this court's de novo review of the Bankruptcy Court's proposed ruling.  But that still leaves the matter of wasting the opportunity to have the Bankruptcy Court deal with matters it has expertise and experience in.  As the court said in Field v. Levin,

> Transfer of this case would be premature at this time. The main causes of action alleged in this adversary proceeding are fraudulent transfer claims, which are core bankruptcy matters.  Because of the bankruptcy court's unique expertise in such matters, it would be an inefficient allocation of judicial resources to withdraw the claims at this time.

2011 WL 3477101, at *3 (D. Haw. Aug. 8, 2011).

"Should a jury trial ultimately be warranted and necessary, Defendants may again seek to withdraw the action to this court after all pretrial matters have been resolved in the bankruptcy court."  Id. at *4.  Indeed, The Mortgage Store has promised that it will "not object to an eventual withdrawal of reference, if a jury trial becomes necessary, at the time of an imminent jury trial, as is the practice of this Court."  Opp'n at 11 fn. 8.

**IV.     CONCLUSION.**

For the reasons stated above, the court denies Wells Fargo's motion.  Wells Fargo may move to withdraw the reference if it appears the case is proceeding to jury trial.  Until then, the reference remains in effect, and the Bankruptcy Court may issue proposed findings and a recommendation on any matter that only a district judge may issue a final ruling on.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 20, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dane S. Field, Bankruptcy Trustee of the Mortgage Store, Inc. v. Wells Fargo Bank, 12-cv-00510 SOM/BMK, ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE